UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CESARE LEONE,

    Plaintiff,

vs.                                                                           Case No. 12-10597

CITIGROUP, INC., ABN AMRO                      HON. AVERN COHN
MORTGAGE, INC., BANK OF
AMERICA,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(Doc. 6)
AND
DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (Doc. 15)
AND
DISMISSING CASE**[1]

I. Introduction

This is another of one of many cases pending in this district involving a default on a mortgage and the commencement of foreclosure proceedings. Plaintiff Cesare Leone is suing defendants Citigroup, Inc., ABN AMRO Mortgage, Inc.,[2] and Bank of America seeking to quiet title to property he currently resides at and which subject to two loans and two mortgages. The complaint alleges a single count to quiet title but also appears

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] As Citigroup, Inc. points out, the proper Citi defendant is CitiMortgage, Inc., who is successor by merger to ABN AMRO Mortgage Group (ABN AMRO). CitiMortgage, Inc. will be referred to as CMI.

to allege violations of securities laws.

Before the Court is CMI's motion to dismiss (Doc. 6). Bank of America has concurred in the motion (Doc. 12). Also before the Court is plaintiff's motion to amend complaint. (Doc. 15). For the reasons that follow, CMI's motion to dismiss will be granted and plaintiff's motion to amend will be denied. This case will be dismissed.

II. Background

A.

This case involves real property located at 57126 Starcreek Court in Washington, Michigan. It is the subject of two loans and mortgages.

First, on December 13, 2001, plaintiff and his ex-wife, Maria Leone,[3] obtained a loan in the amount of $275,000.00 with ABN AMRO Mortgage Group, Inc. (ABN AMRO) to finance the purchase of the property. As security for the loan, plaintiff executed a mortgage ("the CMI mortgage"). CMI is the successor by merger to ABN AMRO. CMI is the current servicer of the CMI mortgage.

Second, on May 2, 2005, plaintiff obtained a home equity loan with Standard Federal Bank, N.A. as the lender, with a credit line of $704,000.00. As security for the home equity loan, plaintiff executed a future advance mortgage on the property in favor of Standard Federal. Bank of America (BOA) is the successor to Standard Federal. The future advance mortgage will be referred to as "the BOA mortgage."

On September 13, 2011, plaintiff filed for Chapter 7 Bankruptcy protection in the

---

[3]According to CMI, Maria Leone's interest in the property was deeded to plaintiff. Plaintiff has not disputed this. As such, plaintiff is considered the only borrower on both loans.

Eastern District of Michigan Bankruptcy Court, Case No. 11-64202-swr. Plaintiff did not include or list any claims or causes of action against CMI or BOA on his bankruptcy schedules as assets.

On September 16, 2011, CMI filed a motion in the bankruptcy court seeking relief from the automatic stay, in order to pursue foreclosure by advertisement due to the outstanding indebtedness under the loan.

On October 5, 2011, the bankruptcy court granted CMI's motion, and ordered that "the Automatic Stay is hereby terminated as to [CMI] with respect to the property located at 57126 Starcreek Ct, Washington, MI 48094-4226 to allow Creditor to commence or continue its federal and/or state law rights to the property." The order noted that the property has a market value of $450,000.00 and the current debt owing is approximately $179,517.15.

Plaintiff received a bankruptcy discharge on December 20, 2011.

B.

Seven days later, on December 27, 2011, plaintiff filed a complaint in state court to quiet title, alleging that any attempt by defendants to have the property sold at a sheriff's sale at some time in the future would be improper.

Although plaintiff is in default on both loans, neither CMI nor BOA have commenced foreclosure proceedings.

CMI timely removed the case to federal court on February 10, 2012.

On February 17, 2012, CMI filed the motion to dismiss. On March 22, 2012, BOA filed a concurrence in CMI's motion.

On March 28, 2012, plaintiff filed a response. In the response, plaintiff suggests

that he no longer wishes to pursue a claim against BOA, stating that counsel "will seek to dismiss" BOA because plaintiff says its interest in the property was discharged in his bankruptcy proceeding. While plaintiff has not moved to dismiss BOA, plaintiff filed a motion to amend complaint. The proposed amended complaint adds "JP Morgan Chase Bank, N.A. as Trustee for ABN AMRO Mortgage Corp." as a defendant. The proposed amended complaint does not name BOA as a defendant. However, because BOA has not been dismissed and, as discussed below, plaintiff is not entitled to amend the complaint, the Court considers BOA to be a defendant in this case.

### III. Motion to Dismiss

#### A. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage, foreclosure, and plaintiff's bankruptcy.

## B. The Complaint - Quiet Title

The complaint contains a single count to quiet title. CMI argues that the count must be dismissed because plaintiff has not identified any reason that he is entitled to the property free and clear of the mortgage to which he agreed, and to the extent plaintiff challenges the right of CMI to foreclose in the future, CMI is entitled to foreclose as the servicer and mortgagee of record. CMI is correct on both arguments.

In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d). These rules require that plaintiff properly allege his or her ownership interest in the property. M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right,

title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property. Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, plaintiff admits that he signed the mortgage as security for $275,000 in indebtedness. (Doc. 1, Complaint at ¶ 8.) Plaintiff does not allege that the $275,000 in indebtedness was repaid or satisfied. Indeed, as noted above, an order issued by the bankruptcy court states that at least $179,517.15 remains unpaid. The mortgage expressly states that it will not be discharged until the amounts owed are repaid. (Mortgage § 23, CMI's Exhibit A.) Because the indebtedness has not been fully paid, the mortgage remains a valid encumbrance on the property. Thus, plaintiff cannot state a plausible claim for relief to quiet title.

The same is true for the BOA mortgage. Plaintiff has not alleged that the $704,000.00 in indebtedness has been repaid. The BOA mortgage remains a valid encumbrance on the property and plaintiff has not shown that his interest should be free and clear of it.

Plaintiff seems to suggest that title to the property is problematic based on the alleged securitization of the CMI mortgage loan. (Complaint at ¶¶ 16-21.). This argument does not carry the day. Even if the underlying indebtedness was securitized and transferred into a trust at some unspecified time or another, any such transfer has

no impact on the validity of the mortgage, or on the power of the mortgagee to foreclose. The Michigan Supreme Court recently affirmed this principal in Residential Funding Co., LLC v. Saurman, 490 Mich. 909, 909 (2011). As stated in Saurman, "[i]t has never been necessary that the mortgage should be given directly to the beneficiaries." Id. The Michigan Supreme Court further explained that transfers of the underlying indebtedness have no impact on the ability of the mortgagee of record to foreclose by advertisement: "the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." Id.;

    Finally, to the extent that plaintiff is attempting to assert a claim based upon the securitization of the mortgage loan, such a claim fails. See, e.g., Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (collecting cases and noting, "[C]ourts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action."). See also Unlu v. Wells Fargo Bank NA, 2011 WL 6141036, at *8 (N.D. Cal. Dec. 9, 2011) ("To the extent that Plaintiffs' proposed amended complaint would rely on claims regarding the securitization of the loan, via REMIC, into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid." (quotations omitted)); Coleman v. Am. Home Mortg. Servicing, Inc., 2011 WL 6131309, at *4 (D. Nev. Dec. 8, 2011) ("[T]o the extent Plaintiff's allegations are construed to state claims regarding improper securitization of a mortgage, these also fail."); Henkels v. J.P. Morgan Chase, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011) (denying the plaintiff's claim for unauthorized securitization of his loan because he "cited no authority for the assertion that securitization has had any impact on [his] obligations under the loan, and district

courts in Arizona have rejected similar arguments"); Johnson v. Homecomings Fin., 2011 WL 4373975, at *7 (S.D. Cal. Sept. 20, 2011) (refusing to recognize the "discredited theory" that a deed of trust " 'split' from the note through securitization, render[s] the note unenforceable"). See also In re Williams, 395 B.R. 33, 47 (S.D. Ohio 2008) (securitization of indebtedness irrelevant to validity of mortgage). Thus, to the extent plaintiff argues that an alleged securitization of the indebtedness invalidates the CMI mortgage, this argument fails.

Overall, the complaint fails to show that his interest in the property should be free of either mortgage. At best, plaintiff has a possessory interest if he is living at the property. That is not sufficient to trump the valid interests of CMI and BOA. Therefore, he has not pleaded a plausible claim for relief to quiet title. This claim must be dismissed.

Moreover, as explained in CMI and BOA's papers, both are entitled to foreclose on their mortgages. CMI is entitled to foreclose as the mortgagee of record and the servicer of the CMI loan. Foreclosure by advertisement under Michigan law is governed by M.C.L. § 600.3204. M.C.L. 600.3204(1), by its clear language, permits a loan servicer such as CMI to foreclose by advertisement: "[A] party may foreclose a mortgage by advertisement if all of the following circumstances exist . . . The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." M.C.L. 600.3204(1)(d) (emphasis added).

Here, CMI is the servicer of the mortgage, and the mortgagee. The Court, in a similar case, has explained that CMI is the mortgagee of record due to the merger with

8

ABN AMRO.  See Meyer v. CitiMortgage, Inc., 11-13432, p. 6 (E.D. Mich. Feb. 16, 2012).  Thus, even if CMI lacked an ownership interest, it is still entitled to foreclose as the servicer of the mortgage.

Regarding BOA, BOA acquired its interest in the home equity loan and BOA mortgage by merger with LaSalle Bank Midwest National in 2008.  BOA is therefore also entitled to foreclose.

Finally, as CMI also explains, while CMI and BOA are entitled to foreclosure, any claim challenging a foreclosure is not ripe because a foreclosure has not occurred.

### C.  Other Potential Claims

Both CMI and BOA argue that to the extent plaintiff alleges claims other than quiet title, they are subject to dismissal for (1) failure to plead any facts to support such claims, (2) lack of standing and judicial estoppel due to plaintiff's bankruptcy filing in September 2011.  While the Court agrees with defendants that any additional claims are subject to dismissal, the Court takes the complaint as plead, which contains only a claim for quiet title.  As explained above, plaintiff has not plead a plausible claim to quiet title.

### IV.  Motion to Amend

### A.  Legal Standard

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires."  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).  This discretion, however, is

"limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973). See also Foman v. Davis, 371 U.S. 178, 182 (1962). Delay by itself is not sufficient to deny a motion to amend. Hageman, 486 F.2d at 484. See also General Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990).

B. Analysis

Because BOA is not named in the proposed amended complaint, only CMI has filed a response to the motion, contending that the motion should be denied because amendment would be futile. The Court agrees. A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div., 987 F.2d 376, 382-83 (6th Cir. 1993).

Plaintiff seeks to file an amended complaint which removes BOA as a defendant and adds "JP Morgan Chase Bank, N.A. as Trustee for ABN AMRO Mortgage Corp." (Chase) as a defendant.

To the extent plaintiff is claiming there is a defect in his mortgage due to the alleged securitization of the CMI loan, as explained above, these allegations do not state a claim for relief. Moreover, the fact that the note for the CMI loan and the CMI

Mortgage may have been held by different entities does not make a foreclosure invalid. See Welk v. GMAC Mortgage, LLC __ F. Supp. 2d ___, 2012 WL 1035433 (Mar. 29, 2012) (explaining in detail that "show-me-the-note" claims lack merit).

Moreover, plaintiff does not make any specific allegations against the new party, Chase, including what interest Chase has claimed to the property. As CMI points out, Chase has no such interest because CMI is the mortgagee of record at this time.

Finally, to the extent plaintiff alleges that a future modification will be problematic, see proposed Amended Complaint, Doc. 15-1 at ¶16, such a claim is not ripe because it is based on events that have not yet occurred.

## V.  Conclusion

For the reasons stated above, CMI's motion to dismiss is GRANTED.  Plaintiff's motion to amend is DENIED.  This case is DISMISSED.

SO ORDERED.

      s/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 2, 2012, by electronic and/or ordinary mail.

      s/Julie Owens  
      Case Manager, (313) 234-5160